HENSLEE, APPELLANT, *v.* STATE PERSONNEL BOARD OF REVIEW, APPELLEE.

(No. 9099—Decided July 16, 1968.)

*Miss Laura J. Henslee, in propria persona.*
*Mr. William B. Saxbe,* attorney general, and *Mr. Robert D. Zitko,* for appellee.

DUFFEY, P. J. This is an appeal on questions of law from a judgment of the Court of Common Pleas of Franklin County. The court affirmed a finding of the State Personnel Board of Review that the board had no jurisdiction to review the termination of appellant's employment because she was not covered by the civil service law. Chapter 143, Revised Code.

Appellant, Laura J. Henslee, held the position of Executive III, Field Representative, in a state office called the "Ohio Office of Opportunity." Her employment began in April 1965. By letter dated August 11, 1967, Miss Henslee was notified that her services were terminated. The letter stated that "Since your employment is in the unclassified service of the state of Ohio, no reason for termination is necessary." The letter went on to "make the observation" that her services were unsatisfactory and that there was information to indicate that her response "to at least one of the questions concerning your personal data on the Ohio Department of State application was untrue." The letter was signed by the "Director" of the Office of Opportunity.

Appellant filed a notice of appeal to the Personnel Board of Review. At a hearing it was stipulated that the payroll records for all employees of this office indicated that they are in the unclassified service. It was also stipulated that at no time did the appointing authority and the Department of Personnel attempt to comply with the provisions of Rule PL-3 of the Administrative Rules of the Director of State Personnel, which rule had been previously adopted pursuant to Section 143.07 (A), Revised Code.

The rule deals with the form and manner of applying for and receiving a declaration that a position was exempt from the classified service.

It also appears that the Office of Opportunity had no separate legal identity at the time appellant was hired and at the time her services were terminated. At those times the personnel performing the duties connected with the project were appointed to and served as part of the Governor's office.

No other competent evidence was presented before the board. The Director of the Office of Opportunity did make ''informal'' statements at the request of the chairman of the board. However, he was not sworn as a witness and did not purport to testify as one. We agree with the Common Pleas Court that any statements of fact made by him cannot be considered as evidence.

The board held that appellant was in the unclassified service and, therefore, that it lacked jurisdiction to review her dismissal.

Section 143.08 (B), Revised Code, provides in part:

''(B) The classified service shall comprise all persons in the employ of the state * * * not specifically included in the unclassified service * * *.''

The fact that a position is carried on the auditor's payroll as being in the unclassified service does not establish that classification. In the present case the appellant stipulated that she was so listed, but denied that the listing was correct.

In argument to the Board of Review, the assistant attorney general contended that appellant's position was of a fiduciary nature involving confidential relationships and confidential information and, therefore, not in the classified service.

There is no evidence to support the contention that appellant's position was fiduciary in nature and involves a confidential relationship. The mere fact that an employee works on the Governor's staff does not of itself establish that the position is of such a character. Further, we have not been cited and we do not know of any statute which purports to grant a blanket exemption to positions on a Governor's staff.

Section 143.08 (A), Revised Code, provides specific exemptions from the classified service. That statute does not contain any general exemption for positions of a fiduciary and confidential nature. Subparagraphs (8) and (9) of that statute provide exemption for some but not all personnel employed by an elective state officer. There is no evidence in the transcript to establish that appellant's position is within either subparagraph (8) or (9). Compare *In re Appeal of Crabtree* (1966), 11 Ohio App. 2d 114.

In addition, the provisions of Section 143.08 (A), Revised Code, for the exemption of job positions of the types defined therein are not self-executing. The manner of obtaining exemption for a particular position is regulated by rules of procedure prescribed by regulations duly adopted. It is stipulated that the position held by appellant was never taken out of the classified service in accordance with the procedures prescribed by PL-3 of the Administrative Rules of the Director of State Personnel. See PL-3-03 which provides:

"Notices from appointing authorities of the appointment of deputies and assistants exempt from the classified service under the provisions of paragraph 9, subsection 143.08, of the law shall be accompanied by a statement of the provisions of the law under which such deputies and assistants are appointed and a statement of the duties to be assigned to such appointees showing that they are in fact authorized to act for and in place of their principals or are performing duties of a confidential and fiduciary character involving the responsibilities of their principals."

In this court the additional argument is made that appellant's position is one for which it is impractical to determine fitness and merit by competitive examination. The claim of impracticability of competitive examination apparently rests on the proposition that the position requires a fiduciary and confidential relationship.

It has already been pointed out that there is no evidence in the transcript, which establishes that the duties of this position involve such a relationship. Assuming it does, Section 10, Article XV, Ohio Constitution, does not grant such an exemption. Under the constitutional provision, positions for which competitive examinations are not

practical may still be within the classified service. Unskilled labor is one such example. See Section 143.08 (B) (2), Revised Code. Finally, the determination that competitive examination is not practicable is not up to the appointing authority.

We observe that on the stipulations made it would appear that the Director of the Office of Opportunity was not the "appointing authority" within the definition of Section 143.01 (D), Revised Code, for positions in the Governor's office.

On the present record we are unable to discern any basis in the evidence, rules of the department, civil service statutes, or statutes relating to the staffing of a Governor's office which would support the conclusion that appellant's position is in the unclassified service.

The judgment of the Common Pleas Court will be reversed and the cause remanded to the Personnel Board of Review for further proceedings.

*Judgment reversed.*

DUFFY and HERBERT, JJ., concur.